IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HARRIS O'MALLEY d/b/a DOCTOR NERD LOVE and d/b/a WWW.DOCTORNERDLOVE.COM | § § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 1 :13-cv-1019 |
| v. | § § | |
| YASHAR HEDAYAT a/k/a YASHAR ALI and d/b/a GOPLIN GROUP and d/b/a WWW.THECURRENTCONSCIENCE.COM | § § § § § § | |
| *Defendant*. | § | |

### PLAINTIFF'S RESPONSE ORDER TO FILE PROOF OF SERVICE

Pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, Plaintiff, Harris O'Malley d/b/a Doctor Nerd Love and d/b/a www.doctornerdlove.com ("Plaintiff") files this response to the ORDER, Dkt. 6, so show proof of service of Defendant, Yashar Hedayat ("Defendant").

### I. Factual Background

On November 19, 2013, a 5 page detailed cease and desist email was sent by Defendant to the Plaintiff via Defendant's counsel via email. See Exhibit A. The email concluded with:

> Mr. Ali is primarily concerned with stopping the continuing infringement and non-attribution of his original work. He has no desire to take formal action which would necessarily require the public airing of his grievances to those have distributed your infringing work in order to make them stop if he does not have to. Therefore, Mr. Ali is willing to consider this matter resolved if you take the following steps:
>
> - Take down your article from your website, The Huffington Post and any other forum in which you have syndicated or distributed your article; or
> - Contact all blogs or websites that have otherwise re-posted your work and request that they take down your article;
> - Cease and permanently desist from distribution of your article to any outlet in

1

> which it has not already appeared including without limitation any online or print media;
> - Provide Mr. Ali with an accounting of any payments you have received in connection with your article and forward all such payments, if any, to Mr. Ali; and
> - Cease and permanently desist from any media appearances in which you discuss your article, including without limitation any online or television outlet, and forward any such invitations to Mr. Ali.
>
> Please contact my offices immediately to let me know of your intent. Mr. Ali's investigation of this matter is ongoing. Please be advised that nothing contained herein shall be deemed an admission of any fact, or a waiver of any rights, claims, or defenses. This letter is not intended as a complete statement of your obligations or the rights of my client, all of which are expressly reserved. However, as previously stated, if you agree to abide by the above discussed parameters, Mr. Ali will consider this matter settled.
>
> **As Mr. Ali is represented by counsel in this matter, please direct all future correspondence regarding this matter to our office. I look forward to your immediate response. Thank you.**

In the cease and desist letter, Defendant threatened the business of Plaintiff and demanded that Plaintiff cease his business. The attorney for Defendant is a well-known attorney so it was assumed that Defendant was genuine. The Defendant also sought to hide behind his attorney by having his attorney demand that only he be contacted.

Plaintiff's attorney responded to the November 19, 2013 email asking for a week to respond. On November 22, 2013, Defendant's attorney responded with:

> Unfortunately, Mr. Ali cannot wait until next Wednesday. By then, the article may be re-posted in even more outlets. Mr. Ali demands that the article be taken down immediately at both HuffPo and at your client's website. If you can convince my client that your client did not infringe, then my client will consent to it being re-posted. However, for the time being, my client remains unconvinced. Meanwhile, my client continues to be damaged by your client's infringement – even after your client has had actual notice of my client's claims. I would think at the very least it would be wise for your client to mitigate my client's damages by taking down the postings. For the purposes of settlement, we will agree not to draw any adverse inference or use it as admission of liability if your client agrees to take it down while we correspond.

> If your client's infringing article is still on his own website and at the HuffPo website by Monday at 12 pm PST, my client will be forced to pursue more direct methods of taking down the infringing content. Please advise immediately. Thank you.

Faced with the eminent threat, Plaintiff filed suit on November 27, 2013. Dkt. 1. On November 27, 2013, an email to Defendant's counsel, Elliot Gibson of the Law Firm of Fayer Gipson LLP, requesting acceptance of service of process and waiver of service for the above styled case sent with a copy of the Complaint filed on November 25, 2013. See Exhibit B. Plaintiff's attorney also called the office of Mr. Gibson and left a message and did not receive a return call.

## II. Plaintiff's Diligent Efforts to Obtain Service

When no response was received from Defendant's attorney regarding Plaintiff's request for service and a REQUEST FOR ISSUANCE IN A SUMMONS IN A CIVIL ACTION was filed with this Court on December 4, 2013 to serve Defendant at 3514 Keystone Ave., Apt. 5, Los Angeles, CA 90034-5596. Dkt.4. The summons was issued on December 5, 2013. Dkt. 5.

The diligent and extensive efforts made by Plaintiff to locate a physical address for the Defendant are shown in part in the declaration by Robert Hill, a private investigator and professional process server. Dkt. 7. Plaintiff also sent a Notice of Lawsuit and Request for Waiver of Service sent on December 6, 2013 via certified mail to all known addresses.. The return receipt green card for A NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE was signed by either Defendant or his agent on December 9, 2013 at 9663 Santa Monica Blvd., Apt. 222, Beverly Hills, CA 90210. See Exhibit C. The signature is not readable as to the exact name of the signatory. The return receipt green card for A Notice of Lawsuit and Request for Waiver of Service was signed by either Defendant or his agent on December 10,

2013 at 3514 Keystone Ave. Apt. 5, Los Angeles, CA 90034-5596. See Exhibit D. Again the signature is not readable as to the exact name of the signatory. A mailing of a Notice of Lawsuit and Request for Waiver of Service was attempted to 1100 Glendon Avenue, Suite 1700, Los Angeles, CA 90024 which was returned to Plaintiff on December 23, 2013 unopened.  See Exhibit E.  Notwithstanding these attempts to effect service by mail, Defendant has failed to sign the request for waiver of service and file an answer.

The address on 3514 Keystone Ave. Apt. 5, Los Angeles, CA 90034-5596 is an apartment building, leased to another individual. However, Defendant's name is connected to this address when conducting an online search.  The address at 9663 Santa Monica Blvd., Apt. 222, Beverly Hills, CA 90210 is a PAK-MAIL Shipping Store.  PAK-MAIL is a retail shipping store that offers post office boxes for rent.  The address located at 1100 Glendon Avenue, Suite 1700, Los Angeles, CA 90024 is an office building address that was once associated with Defendant; however no mail is being accepted on Defendant's behalf and the mailing was returned to Plaintiff.  It is likely that the office building on Glendon Avenue is an office sharing or virtual office to give the illusion of a substantial brick and mortar business.

### III. Legal Argument

Rule 4(e)(1) of the Federal Rules of Civil Procedure allows service of process by any method allowed in an action brought in the courts of general jurisdiction in the state where the District Court is located. *See Barlow v. Ground,* 39 F.3d 231, 234 (9th Cir.1994). Rule 106(a)(2) of the Texas Rules of Civil Procedure authorizes service by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."

Plaintiff did not use service by mail before because he wanted to save the cost of service and use the waiver of service form to do this.  Unfortunately Defendant did not cooperate on this.

At this point, Plaintiff cannot physically locate the Defendant and Defendant and his attorney will not respond to Plaintiff.  Plaintiff has no choice but to result to the service by ordinary mail pursuant to Texas Rule of Civil Procedure 107 on service by mail.

The court may extend the time to serve the defendant. FRCP 4(m); *see Coleman v. Milwaukee Bd. Of Sch. Dirs*., 290 F.3d 932, 934 (7th Cir.2002). If the Plaintiff shows good cause for not serving the defendant within 120 days, the court must grant the extension. *Henderson v. U.S*., 517 U.S. 654, 662 (1996); *Espinoza v. U.S*., 52 F.3d 838, 841 (10th Cir.1995); *Petrucelli v. Bohringer & Ratzinger, GmbH*, 46 F.3d 1298, 1305 (3d Cir.1995). Good cause means valid reason for delay, such as the defendant evading service. *Coleman*, 290 F.3d at 934. But even if Plaintiff cannot show good cause, the court has discretion to grant an extension. *Henderson*, 517 U.S. at 658 n.5; *Zapata v. City of N.Y.*, 502 F.3d 192,196 (2d Cir.2007); *Horenkamp v. Van Winkle & Co*., 402 F.3d 1129, 1132 & n.3 (11th Cir.2005); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir.1996); *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir.1996); *Espinoza*, 52 F.3d at 841; *Petrucelli*, 46 F.3d at 1305; *Contra Mendez v. Elliot*, 45 F.3d 75, 78-79 (4th Cir.1995).

Here, it is certain that Defendant is already aware of the Complaint since attempts to deliver a Waiver of Service with a copy of the complaint have been received by Defendant or Defendant's agents at two of his associated addresses and by Defendant's attorney.  Under Rule 4 of the Federal Rules of Civil Procedure requires defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

Plaintiff sent waivers of service, with a copy of the complaint in a good-faith effort to save costs to all of the known addresses associated with Defendant.  In these attempts, Defendant was given sixty (60) days from the mailing of the Request to Waive Service to send a signed copy of the Waiver and serve an answer or a motion under Rule 12 on the plaintiff and file a

copy with the court. The sixty (60) day time period terminated on February 3, 2013 and Plaintiff seeks an extension from this court to allow receipt of the returns on the service of process on Defendant accomplished by mailing a Certified Return Copy of the Summons and Complaint to all known addresses.

### IV. Conclusion

Plaintiff has been diligent in trying to serve the Defendant. Although Defendant knows about the suit and has received a copy of the complaint, he is not being cooperative. Plaintiff wants to get rid of the threats of Defendant once and for all. Plaintiff does not want to face more threats, either directly or indirectly, to Plaintiff's publishers. Accordingly Plaintiff asks for and extension to and including April 25, 2014. Plaintiff has served Defendant by mail as provided by Rule 7 of the TRCP on March 13, 2014. If Defendant continues to ignore the suit, Plaintiff will file a motion for default judgment to finally end the threats of Defendant to Plaintiff's business as soon as the time expires on the service by certified mail.

Dated and signed: March 21, 2014

_____
Charles W. Hanor
ATTORNEY FOR PLAINTIFF
Hanor Law Firm PC
750 Rittiman Road
San Antonio, Texas 78209
(210) 829-2002

## CERTIFICATE OF SERVICE

      I hereby certify that on March 21, 2014, the attached document was mailed by first class mail, postage prepaid to Defendant and Defendant's attorney as follows:

Yashar Hedayat
9663 Santa Monica Blvd
Apt. 222
Beverly Hills, CA 90210

Yashar Hedayat
3514 Keystone Ave.
Apt. 5
Los Angeles, CA 90034-5596

Elliot B. Gipson
Fayer Gipson LLP
2029 Century Park East
Suite 3535
Los Angeles CA 90067 l

Dated and signed: March 21. 2014

_____
Charles W. Hanor